*418 On these facts it was submitted to the court, whether the defendants were or were not guilty of the intrusion. complained of.
Spencer, Attorney-General.
It is admitted that' there was no doequet entered in the auditor’s office, according to the proviso in the letters patent. The information is grounded on this principle ; that the forms required by the grant, created a condition, proviso, on limitation, which was to make it void, on the not doing- a certain act by the patentees, if, therefore, this act has not been performed, the instrument is a nullity, and the people have a right to consider all persons now on the land as intruders. It may perhaps be urged in behalf of the defendant, that the act concerning quit-rents has done away the forfeiture : especially as the officers of government have received the quit-rents due, and have, therefore, considered the patent as in existence and good. That, however, will depend on whether the not docketting the patent within the time limited, did not cause the estate of the patentees to instantly cease; or whether, even allowing the contrary, the payment could purge the forfeiture for more than those very lands on which made, and which do not include those for which the intrusion is brought. There can be no doubt that every grantor, whether a state or an individual,may annex to his grant whatever conditions he pleases, provided they are not repugnant to principles of law. Here the condition is, that the grant shall “ be void and of none effectP Therefore, the acceptance of rent could not restore what was gone. Sir Mojí Finch’s case, Cro. Eliz. 331, shews the soundness of this position. This, it may be said, was the case of a demise for years. A distribution, therefore, may be attempted between that and the present, which is of a fee. In fact, however, the diversity does not exist. This the court will see in 17 Vin. 81. pl. 1. n.* it is not, t^at in one case the estate is void, and in the other voidable . but whether the determination be by the same means J as create the interest. The proviso here was a limitation , . , , . , , which ended the estate on non-perlormance, because as it-created by matter of record, so it was to be destroyed
*419 by matter of record. It is generally true, that where a freehold is to be defeated, entry is necessary, but it is not so where an act that ought to appear of record is not done* It is laid down that if an estate granted by the crown determine by a condition broken, the King shall be suited without office founds where the breach is apparent upon , _ _ , . , i record 7 Com. Dr. 53. (D. 70.‡) It is the revesting 01 the estate which we contend for here. This makes the difference between the present question, and that of Schaick in 1796, in which it was decided, by the court. 7 , errors, that a new grant would not be made till after „„ _ _ „ ,, . ,-v t»i<ficefouiid, not that an information would not he before, There can be no doubt of the words used in the grant ereating a condition, Lett. Ser. 329* which was a limitation or Qualification of the estate* For this purpose the word u * <c provided” was certainly the most fit. On breach of it, the estate must be judged in the grantor, or, as here, the people, Litt. Ser. 350.* So here as the nonperformance was a record, the right to proceed by intrusion before office fotind, the estate of the patentees being to- , tally divested. The next consideration is, whether any thing has been done to waive the forfeiture. This may be laid down as an established position, what is void not be confirmed, what is voidable may. As then the interest of the patentees was absolutely annulled, the receipt 1 • z*n of the quit rents could not revive it, Jenkins v. Church, Cowp. 482, Doe v. Butcher, Doug. 50. Even in ble cases the mere acceptance of rent, unaccompanied with any other circumstances, will not work a confirmation.§ No receipt can revive or confirm, unless taken with a knowledge of the forfeiture and an intent to waive, 1 he act concerning quit rents does not recognize any loss of title in the defendant, or others holding- under the same patent. No payment therefore to an officer acting by au - thority of a general law, with.a power merely to guish quit rents could revest. All that he could do was to bar the right of the people on them when due, and not by taking them if not due, to give away the land of the
*420 Emmot and Van Vecten contra. Though from the / length of time the defendant, and those under whom he claims have been in possession, the case is a hard one, stül >ye are ready to exculpate both the present and late attorney-general, from all imputation of rigour. They have acted only in obedience to resolutions of the legislature. The case divides itself into two questions. 1st. Whether'the grant be void, or voidable ? 2d. Whether, if so, the present form of action is the appropriate remedy ? Whether, void or voidable, Will depend on a number of subordinate enquiries. We did not, it must be confessed, expect that the próvíso would have been urged as a limitation, which goes on always to a certain express time of determination : it is a condition* and nothing more, in . . which case, as the estate might continue over, it was voidakje an¿ not v0;d. But the words in question, created neither the one nor the other ; they were merely directory on the officers of government, and did not oblige us to do any thing : they are separated from the conditions by which the grantees were bound by specific acts. The words are “ we direct and appoint.” The clause itself is rare, this being the only grant we can find in which it is .contained. The officers of government ought, the clause being directory, to have given notice to the patentees to come in and docket; for, to the patentees, themselves, the act was nugatory, as they had complete evidence of the right by the grant itself. But, considering the clause as a condition, then we contend it is repugnant to the grant and void. It was for an act to be done by the officers of the crown, for the benefit of the crown alone. It is the same as if a grantor had conveyed, on condition that he should himself lodge the consideration money within 20 days in the United States bank, or the conveyance be void. The result would be to put the whole grant within the power of the crown ; or what is the same thing, within that of its officers. But should the condition in the proviso be deemed a valid one, and obligatory on us, we say it has been performed; for if the intent be complied with, it is sufficient, That the leaning of the court is
*421 against forfeitures, we cite Bull. N. P. 96 ; and that the intent, and not the letter of the words, ought to regulate, Shep. Touch. 139,* 1 Aik. 375,‡ Dalcy v. Desbonveire, 2 Alk. 261, and the cases cited in p. 1. What then was the' intent to be answered by this docket ? Merely to J ,ii form the court of the existence of the grant, and the value of the reserved rent, that no interfering patents might issue, and the amount of its revenue be known. The entry, therefore, in the comptroller’s office, taken from the old 7 r 7 minutes there, was fully adequate to every purpose. For , , 1 1 J , i though two- acts are mentioned m the proviso, to be done, it does not follow that both are necessary to be performed, Long v. Dennis,§ 4 Burr. 2052. In the present case, however, after a lapse, of 30 years, in a country circum- • L ' J 7 - J stanced as this was, during a revolutionary war, and when .i ,i 111 1 the very record may be supposed to have been taken away by the officers of the crown, to presume a docket regularly entered, is no more than what the law will warrant. Be. 1 die’s Case, 12 Rep. 5. 'Should it nevertheless be held that . r . the forfeiture was incurred, we still contend that it has been waived. The argument urged against this position, that there is a distinction between the acts of individuals, and those of officers of government, is contrary to the implication arising from the case of sir Moyle Finch, relied , , . , . ,11 upon by Mr. Attorney. 1 or the people is bound by the acts of its agent, in the same manner as any common person. What then are those acts ? First, the permitting 30 years, to elapse in silence; next, the comptroller has made a record or docket, by entering the memorandum stated in the case, to have been written in 1797 2 it fully sets forth the dates, parties, and rents : this too, is an act of a public officer. Thirdly, by advertising these very lands for the quit rents due, under the authority of the act mentioned in the case. For the language of the advertisement is, we claim not the lands, but the quit rent due. Thirdly, the comptroller has received, from one of the patentees, and from a person holding under the grant to them, quit rents for some of those lands, and though they have been paid but upon portions of the tract, yet they will accrue to the benefit of the whole grant. Goodright v.
*422 Davids, Cowp. 803.* Pennants case, 3 Rep. 64 b. ‡ - Greens case, Cro. Eliz. 3§, 3 Salk. 3.¶ Independent,however, of what has been before advanced, we contend, that - ‘ ' . • < ' an information for an intrusion cannot be supported before office found. This is absolutely necessary to entitle the In the case of common persons, if itbe , people to proceed. intended to destroy an estate for a condition broken, it is indispensable that an entry should first be made, Shep. Touch. 153. Whenever an entry is required of an indivi- : ■ v ' • " ' ' ' dual, an office must be found for tlie King, 9 Rep. 96. b.ǁ 16 Vin. abr. 84, pl. 24. p. Ibid. 83; pl. 19, 20. Even the whole estate has become void by the nonperformance of the condition, still an office must be found before • J ’ • • • the tenant can be held an intruder, Sir Moyle Finch’s Case, 2 Leon. 143. Payne’s Case, ibid, 206. The proviso on which the attorney-general relies, being a, condition, and ^ estate un<ier the patent taking effect'immediately, it is plain that the grant was voidable only, and not absolutely void. This being so, and nothing done to avoid the grant, and put the people into possession, intrusion cannot lie, for it js essential to intrusion that it be on the actual possession f v A . of the crown, 3 Black. Com. 261, Moor, 375. Therefore. in all cases of forfeiture, &c. intrusion will‘not lie till office found, this being the legal substitute for entry by a private PersQnj and the only means for the crown to regain the possession, for the injury to which the intrusion is brought, Litt. Abr. p. 97. (E.) Moor, 296, 7. That this is only to be done by office found, Parstow v. Corn, Cro. Eliz. 855, is an authority fully in point. Besides, the title created by the patent was matter' of record, and of course must be 1 ■ - • * • avoided by that which is of equal solemnity, Plow. 229, and the cases there cited. The only method then to have been pursued, intrusion upon that. ' This will appear still more evident if we consider the effect of the different proceedings. On the inquest pf office, performance of the'condition, or reprisal by'the creditor which is tantamount,**' might have beep shewn, but this could not be done under an information for intrusion, which merely states the possession of the crown, the defendant’s intrusive entry. Case of Alton Woods, was. by an office finding the forfeiture, and
*423 1 Rep. 28, Plow, 479. The necessity therefore of these measures must appear, that the parties might have notice of the grounds of the claim against them. This cannot be V . 3 ... done by the information now brought, which is not like a writ of escheat that sets forth the whole claim on the part of the crown. If what has been laid down already for us be true, that the docketing was a duty to be performed by the officer, then it is for the honor of the crown, as the old books say, to be presumed that it has been done, Case of the Churchwardens of St. Saviour, Southwark, 10 Rep. 66, For it can never be imagined, that the crown would make a grant, dependent for its validity on acts to be performed by itself, and omit those acts. Let it be observed too, that no form of docketing is prescribed by the grant; and as the revolutionary war has intervened, it may well be intended that the entry made in the comptroller’s office in 1797 was by way of docket, which would be no more than a memorandum for the guidance of the officers of the crown. If, however, the proviso be a voidable condition, then the doctrine of waiver will apply. For government can never be supposed to do so great a wrong as to permit men to make improvements, then offer to receive a commutation in discharge of quit rents due on those very lauds which they claim as forfeited, receive the amount, and then attempt to defeat their grant. Because, having dispensed with the condition in part, by a partial receipt of quit rents, the condition is dispensed with in the whole. Cro. Eliz. 816.* This species of construction is due to the liberality and honor which we are to suppose, constantly actuate the proceedings of government, and is a principle universally acknowledged. 9 Rep. 131. Benley’s Case. Rolyn’s Case, 6 Rep. 5. 10 Rep. 67. In a more peculiar manner is this to he adhered to after a lapse of 30 years, when the rights of third persons, bona fide purchasers, and others, are implicated. In Van Schaick’s case, it was settled, that where a forfeiture was apparent by matter of record, then a scire facias should go; when it arose on matter in pais, an office must be found. The information therefore must fall.
Spencer in reply. The words of the proviso are sufficient to shew the docketing was not directory to the officers of
*424 the crown. The grant was to be valid on doing several acts, some in pais, some in record. If not performed in a certain time, the letters patent were to be void. The words direct and appoint, are declaratory to the patentees that the estate granted should be subject to the condition, of their registering and docketing. This must alxvays be at the request of the parties, who must do an act towards it": nay, he, according to the colonial system, had to pay for its being done, and therefore xvas clearly a duty in them; for ife is coupled with a stipulation, that if it be not performed, the letters patent shall be void. This makes the proviso a limitation; and xvhen so, it is not necessary that an office-should be found, because the crown would be immediately reseized. Poph. 53. Whether, hoxvever, it be considered as a limitation, or a condition, is immaterial; for no office was necessary. It is required only to make the forfeiture known by matter of record. Here the docket for a matter of record, and whether the grant was docketed or not, w;ould appear by inspection of the records. The forfeiture therefore being thus by matter of record, needed not to be found by office. The authorities cited by the other side are in conformity to this position. 2 Roll. Abr. 215. Cro. Car. 100. Stephens v. Potter. On the not docketing according to the terms of the proviso, the estate of the patentees was gone, and this being by matter of record, the people were reseized. No act, therefore, of their officer in taking rents not due, could revive an interest absolutely avoided and nu 11. The cases from Croper and Douglas when looked into, will shexv this, though they are quoted as authorities against the people. The principle they settle is, that no acceptance will waive a forfeiture, xvithoutknoxvledge of all the circumstances by which that forfeiture xvas worked. The people had acquired fee on breach of the condition. The quit rents therefore xvere merged, and a tortious taking by their officer of xvhat xvas not due, not knowing it not to be due, can never waive their rights.
Van Vecten. We say, by the act he was constituted judge, whether quit rents xvere due or not.
Spencer. We say he was not; that he xvas a mere receiver, delegated tp receive alone. The act of the officer
*425 in making the entry in 1797, was allowing his acts to ensue . ? ' , „ r . . to the advantage of the defendant, yet it was not in time. In arguing from the presumption the 30 years lapse has afforded, the counsel seem to forget, that there is a law* by which tfie limitation of suits by the people for land, is settled at 40 years. It is an absurdity to settle a limitation , at 40 years, and presume against it at 30. Nor can any thing be presumed from the revolution,because the court knows all the papers in the various offices weie preserved. In one of the cases referred to, the presumption arose from this; that as the deeds were delivered in tobe cancelled,† the officer should be presumed to have cancelled them; but were the. deeds here delivered to be docketed ? On every ground, therefore, we consider the people entitled; espedaily as the want of docketing is proved by the records, and an office found would be only surplusage.
Per curiam delivered by Lewis, C. J. This is an information of intrusion, filed by the late attorney-general, and now prosecuted by his successor in office. It comes before the court on a case, which sets forth, that a royal grant, by letters patent issued, in 1770, to Leonard Lispenard and others, for 9,200 acres of land, now in tifié county of Otsego, but then in the county of Albany, on the annual quit-rent of 2s. 6d. sterling per hundred acres. The grant contains sundry conditions, on the nonperfomance of any of which it is declared to be void and of none effect. Among the number, are the following, that the grant shall be registered and entered on record, within six months from the date, in the secretary’s office ; and that a docket thereof shall be also entered in the auditor’s office. It is admitted, that though, the letters patent were duly recorded, no docket was found in the auditor’s office ; but that a note of them is found, entered in a memorandum book of patents, kept in the office of the comptroller of the state, bearing date hi 1797, and that the quit-rents, on parts of the tract, have been paid to the existing government.
The defendant claims title under the said patent, and the question for the court is, Guilty or not Guilty.
*426 To decide this question it is necessary to inquire whether an information of intrusion lies under the circumstances of this case. To sustain a prosecution of this des- ' cription it is necessary that the crown formerly, and the r government now, should be in the actual seisin'or possession of the subject intruded on. I shall lay down a few general principles or maxims, which I conceive incontrovertible, and which may be gathered from the two principle cases, relied on, that of Sir Moyle Finch, and of Sir George Reyn el) as well as from the decision of the court for the correction of errors, in the case of the devisees of Van Schaick v. King.
1st. That the state can acquire, seisin or possession of lands, for breach of condition, by matter of record only*
2d. That generally where entry is necessary in the case of a common person, an office is necessary to entitle the state.
3d. Where entry and action are necessary to a common • person, an office and sci. fa. are necessary to the state.
It is true,- there arc cases where the crown may be in possession by seizure without office, but they are not cases of this description, they are confined to the forfeitures of the temporality of alien ecclesiastics, where the certainty of the matter appears in the exchequer;
There is an important and striking distinction between the case of Sir Moyle Finch, and the One now before us. The forfeiture there was of aterm, here, if any, of fee ; now a fee shall never be void, absolutely for condition broken, but voidable by entry only, though it is otherwise of a term. But even in Finch’s case, as reported by Leonard, who states it much more at large than Croke, both Popham and Croke who argued for the plaintiff, and Manwood, Chief-Baron in giving judgment for the plaintiff admitted, that, although the lease was void without office, it was void in interest and property only, but not in possession. And that though the Queen without office, and a common person without entry, might grant it over, yet the former could not without office prosecute for an intrusion, nor the latter without entry for a trespass.
These opinions I think decide the question; and that; judgment must be accordingly for the defendants.

 alMeddtoCls10n Pottel^Cro. Car. ioo.aRcs. but that merely determined that a lease for years reserving *419 payment, with-out office found whereas, if the to^the^cceiver office found , idoes not vaThereasdnis obvious, as the crown ¿rCord,°itly cord; the nonpayment to the receiver is a when found by ^“d^and^o " exchequer. See this, however doubted,iRois.

 referred to,areof leases.

 ni|case of a lease for 5 years with condition to have fee, on paying íhemíTof^ iiver^ofseishfj ^“deed8 Re im* cause grantor upon the his own grant, - thrieTyears ^n1

 case, Cro Miz. nson^'r^ik

 As, *?con" ditional limitations,seeFearne Gom Kom. 6

 That is if the act done be in moUnt to the pressedtas^Tto enfeoff; ancl a lease release be executed. So in the case put Litt. Sec. 35-2 of cypres.tr‘ni

 Harvey v. Ashton, the condition there was marrying with consent. The other authority from Alkins, rlates also to conditions in restraint of marriage

 That also was a decision traint' oVmaruf^condSon? ^ere thedis° juncture, performance there fore of one sufflclent'

 The point there was that rentPafter?conwithnotíc^of the breach; is a waiver of the forfeiture,

 solutions1 *die knownot; pos, sibly the third, but that goes tionbetween0" bietose5TOlda"

 timrnreceTt°of rent due, does entry^butfif0" wMiTrécdpt caning the les- • see, iiis firmer or tenant, it

 That was an rl°tPfrom the ■5sl°neeoffaan lease knowing him to be the executor,held a fortoture for

 Rcynei’s case, flhewordsm Moor are,11 an « for°intrusión “ but personal’ “ remedy, and “ ail points, a “ gaimt a mb- “ supposes the “ yMse“sion ” »* Rep. 67.

 Dumper v Sims.

 Act for notation of criminal nroferations, and of

 10 Rep. 67. 2d Rcv"